18-1852-cv(L)
R.H. v. Bd. of Educ. Saugerties Cent. Sch. Dist.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

-----------------------------------------------------------------

R.H., individually and on behalf of C.H., a student with a disability,

*Plaintiff-Counter-Defendant-Appellant-Cross-Appellee*,

v.                                                          Nos. 18-1852-cv(L)
                                                                   18-1951-cv(XAP)

BOARD OF EDUCATION SAUGERTIES CENTRAL SCHOOL DISTRICT,

*Defendant-Counter-Claimant-Appellee-Cross-Appellant*.

-----------------------------------------------------------------

FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT-CROSS-APPELLEE:

BENJAMIN HINERFELD, Law Office of Benjamin Hinerfeld, Philadelphia, PA (Gina DeCrescenzo, Gina DeCrescenzo P.C., White Plains, NY, Catherine M. Reisman, Reisman Carolla Gran LLP, Haddonfield, NJ, *on the brief*).

FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE-CROSS-APPELLANT:

DAVID H. STRONG (Daniel Petigrow, *on the brief*), Thomas, Drohan, Waxman, Petigrow & Mayle LLP, Hopewell Junction, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED and the cross-appeal is DISMISSED as moot.

R.H. appeals from the District Court's grant of summary judgment in favor of the Board of Education of Saugerties Central School District (the District) and denial of R.H.'s cross-motion for summary judgment. R.H. sought relief principally under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq., for tuition reimbursement after he enrolled his son, C.H., in private school. We assume the parties' familiarity with the underlying facts

and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The IDEA guarantees children with disabilities a "free and appropriate public education" (FAPE). R.E. v. N.Y.C. Dep't of Educ., 694 F.3d 167, 174–75 (2d Cir. 2012). If a child has been denied a FAPE, the parents may enroll the child in a private school and seek retroactive reimbursement. When seeking reimbursement, the parents must demonstrate that the private school is appropriate. M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 246 (2d Cir. 2012). "[T]he unilateral private placement is only appropriate if it provides education instruction specifically designed to meet the unique needs of a handicapped child." Id. Here, the District Court deferred to and upheld the judgment of the State Review Officer (SRO) that R.H. failed to establish the appropriateness of C.H.'s private school placement.

R.H. argues that in three ways the SRO's determination was "insufficiently reasoned to merit [the District Court's] deference." Id. We reject the argument.

First, R.H. contends that the SRO failed to consider the totality of the circumstances by ignoring evidence of C.H.'s improved attendance at the private Ridge School. But a review of the record shows that the SRO in fact considered the totality of the evidence, including C.H.'s improved attendance. App'x at 451. In any event, C.H.'s improved attendance alone does not establish that Ridge's program was "specifically designed" to meet C.H.'s unique needs. M.H., 685 F.3d at 246.

Second, R.H. argues that the District Court and the SRO erred in concluding that he failed to present objective evidence of C.H.'s progress at Ridge. But "progress does not itself demonstrate that a private placement was appropriate." Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 115 (2d Cir. 2007). Although there was testimony that C.H. made some progress socially and emotionally, the record contained no evidence of test scores, grades, written behavioral plans, or other progress reports to support R.H.'s claim that C.H. made progress at Ridge. Cf. Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist., 773 F.3d 372, 387–88 (2d Cir. 2014).

Third, R.H. argues that the SRO improperly failed to defer to the Impartial Hearing Officer's expert credibility determinations.   But the SRO did not make any adverse credibility findings.   The SRO instead denied tuition reimbursement because of gaps in the evidentiary record.   For the foregoing reasons and based on our independent review of the hearing record, we conclude that the District Court properly deferred to the SRO's expertise in "discern[ing] how much evidence is required to reach a supportable conclusion." See Hardison, 773 F.3d at 387; Gagliardo, 489 F.3d at 112; see also W.A., M.S v. Hendrick Hudson Cent. Sch. Dist., --F.3d--, 2019 WL 2479164, at *15 (2d Cir. June 14, 2019).

Because we agree with the District Court that R.H. failed to meet his burden of showing that Ridge was an appropriate placement, we dismiss as moot the District's cross-appeal.

We have considered R.H.'s remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED and the District's cross-appeal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5